UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GABRIEL BURRESS,

Petitioner,

vs.

IDAHO STATE TROOPER RUTLAND, TWO UNIDENTIFIED IDAHO STATE TROOPERS, and ATTORNEY CARLOS RODRIGUES,

Respondents.

Case No. 1:22-cv-00159-DKG

**INITIAL REVIEW ORDER**

Inmate Gabriel Burress filed a Petition for Writ of Habeas Corpus challenging his Idaho state court conviction and a supplement containing additional factual allegations. Dkts. 1, 5. The Court must review each newly-filed habeas corpus petition to determine whether it should be served, amended, or summarily dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the filings, the Court has determined that Petitioner must file an amendment in order to proceed to the next stage of litigation.

**STANDARDS OF LAW**

The law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered "procedurally defaulted." *Coleman*, 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from

the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner ordinarily must demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may

establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d 348, 350-51 (8th Cir. 1996).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the United States Supreme Court determined that a federal district court may exercise its discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his unexhausted claims to the state court and later return to federal court for review of a perfected petition. *Id*. at 277. In determining whether to exercise discretion to grant a stay, the district court should consider whether the petitioner had good cause for the failure to exhaust, whether the unexhausted claims are potentially meritorious, and whether there is any indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id*. at 277-78. In *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016), the United States Court of Appeals for the Ninth Circuit extended the reach of *Rhines* stay-and-abey procedures to petitions containing only unexhausted claims, so long as the court determines, in its discretion, that the *Rhines* factors are met.

## REVIEW OF PETITION

### 1. Background

Petitioner alleges that Idaho State Trooper Rutland and other law enforcement officers engaged in "police brutality" when they stopped to investigate his vehicle pulled

over on the highway shoulder. He alleges that officers falsified a police report and illegally searched his person, resulting in a wrongful arrest. He was charged with felony possession of a controlled substance and various misdemeanors, including malicious injury to property and resisting arrest, in a criminal action in Jerome County, Idaho.[1]

Public defender Lupe Charles "Carlos" Rodrigues was assigned to represent Petitioner in his criminal case. Petitioner alleges that, during pretrial proceedings, he was confined in the county jail for a lengthy period of time and was also institutionalized in the state hospital to address competency issues. Petitioner alleges that Rodrigues did not file a suppression motion but instructed him to enter into a plea agreement. Petitioner entered an *Alford* plea.[2] Petitioner pleaded guilty to the felony possession charge, and the prosecutor dismissed all of the misdemeanor charges. A judgment of conviction, with retained jurisdiction, was entered on January 11, 2022. *See* Footnote 1.

Petitioner alleges that he suffered major nerve damage, partial loss of the use of his left hand, and other injuries from Trooper Rutland's excessive force. Petitioner seeks release from prison and payment of damages. *See* Dkt. 1.

---

[1] *See* state court docket found at https://mycourts.idaho.gov/odysseyportal/Home/WorkspaceMode?p=0 (accessed June 22, 2022).

[2] An *Alford* plea takes its name from *North Carolina v. Alford*, 400 U.S. 25, 35 (1970), where the United States Supreme Court held that it was constitutionally permissible for the court to accept and sentence an individual upon "a plea by which a defendant does not expressly admit his guilt, but nonetheless waives his right to a trial and authorizes the court for purposes of the case to treat him as if he were guilty."

Petitioner previously brought similar claims in civil rights Case No. 1:21-cv-00154-DCN, *Burress v. Rutland*. There, he asked the federal district court to intervene in his pending state court action to suppress the evidence obtained during arrest and dismiss the criminal case. Chief United States District Judge David C. Nye issued an order in that case requiring Petitioner to show cause why the *Younger* abstention should not be applied to prevent that case from going forward, because Petitioner's state criminal case was still pending.[3] Petitioner filed no response, explaining here that "[b]eing under severe distress, pain, and on medication, I had overlooked writing an amendment." Dkt. 5, p. 5. As a result, the case was dismissed without prejudice. When Petitioner's state criminal case ended, he filed this action.

Petitioner asserts that he gave up his post-conviction appeal rights in his plea agreement. Dkt. 1, p. 3. Generally, defendants waive their rights to direct appeal and Rule 35 excessive sentencing claims in plea agreements, *see, e.g., State v. Rodriguez*, 142 P.3d 1251, 1251 (Ct. App. 2006), but they usually retain their post-conviction appeal rights. In his criminal case, Petitioner may have entered into an agreement giving up all of his

---

[3] Civil rights claims that challenge or implicate ongoing state criminal matters may be subject to summary dismissal pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the United States Supreme Court reiterated the importance of the principle of comity between state and federal courts, holding that federal courts generally must abstain from hearing civil rights claims related to pending state criminal cases. Adjudicating such claims is allowed only in the rarest of circumstances—that is, where "the threat to the plaintiff's federally protected rights … cannot be eliminated by his defense against a single [state] criminal prosecution." *Id.* at 46. *Younger* is no longer at issue because the state trial has concluded.

appeal rights, or he may be mistaken. In either instance, he has come to federal court without first having properly presented his claims to the Idaho Supreme Court.

**2. Discussion**

Petitioner must correct the following deficiencies if he desires to proceed to the next stage of proceedings. Also, as the Court explains below, he must separate his habeas corpus claims from his civil rights/state law tort claims into two different actions.

Petitioner must name a proper respondent in this action—the government official who has authority to produce Petitioner from custody if a writ issues, such as a prison warden or county sheriff. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996, If the petitioner is not in custody, the respondent is "the entity or person who exercises legal control with respect to the challenged 'custody,'" such as the attorney general of the state. *See Rumsfeld v. Padilla*, 542 U.S. 426, 438 (2004). None of the current Respondents is Petitioner's custodian; therefore, he should not include any of them in his amended petition.

Petitioner must determine whether he gave up all of his appeal rights, or only his direct appeal and Rule 35 sentencing-challenging rights. If he retained his post-conviction appeal rights and if he can still file a timely post-conviction appeal case in state court (which appears likely based on his state court judgment date), the best course of action may be to seek a stay of this case and attempt to properly exhaust any cognizable federal

habeas corpus claims in the state district court and then through available appellate review, including through the Idaho Supreme Court.

If Petitioner is correct in asserting that he waived all of his appeal rights, then his federal habeas corpus claims are not in a proper procedural posture to be addressed on the merits. A state court appellate decision affirming a waiver of appeal rights serves as an adequate and independent state ground supporting a procedural default finding in this court. *See, e.g., Brothers v*. McDaniel, 196 Fed. Appx. 606, 607 (9th Cir. 2006) (unpubl.)*; Weber v. Steele*, No. 4:06–CV–635 CEJ (TIA) 2009 WL 346588, at *4 (E.D. Mis. 2009) (same); *Acosta v. Giambruo*, 326 F.Supp.2d 513, 522-23 (S.D.N.Y. 2004) (same). Or, if Petitioner never presents the claims to the state appellate courts because he knows he is barred from doing so by the plea agreement, the result is the same for purposes of this habeas corpus case: the claims are procedurally defaulted. However, if an opportunity to file a state post-conviction action remains open, Petitioner may decide to do so to potentially avoid procedural default in this case.

Petitioner should also be aware that, should he choose to voluntarily dismiss his original Petition to pursue state court remedies, he will not be able to re-open this case to assert that he filed it within the one-year federal statute of limitations period if (1) that time period has expired, and/or (2) his state post-conviction petition upon which he is relying for statutory tolling is later determined to be "improperly filed" by the state

courts. *See* 28 U.S.C. § 2244(d)(2) (only "properly filed" state post-conviction actions toll the federal statute of limitations).

In addition, even if the original Petition in this case is not dismissed but is stayed pending the outcome of the related state court actions, if Petitioner attempts to amend new claims into this action at a later date, the claims may not "relate back" to the original claims and therefore may be dismissed as untimely. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005) (parentheticals and emphasis added), *overruled on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63 (2007). The safest procedural route for many petitioners is to bring all potential claims in an amended petition (including those he desires to continue to pursue in state court) and file a motion to stay and abey. However, Petitioner is also free to voluntarily dismiss his original Petition to pursue state court relief if he desires, and file a new federal habeas corpus action later, knowing the potential consequences of taking that route.

Some of Petitioner's claims cannot be pursued in a habeas corpus action. Petitioner must not include in an amended habeas petition any civil rights claims that seek damages and that are not direct challenges to his criminal conviction or sentence. For example, claims of "police brutality" that occurred upon arrest are not relevant to whether he committed the crimes or whether his pretrial or trial rights related to conviction were violated. He may consider various options for these civil rights claims, especially considering any statute of limitation issues. Some of those options might

include a civil rights action under 42 U.S.C. § 1983, including state law tort claims, asserted in state court; a civil rights action under 42 U.S.C. § 1983, including supplemental state law tort claims, asserted in a new federal action; or a motion to reopen and amend his complaint in his prior federal civil rights case. In every instance any separate complaint of this nature should not include claims that challenge the criminal conviction or sentence and seek release, which must be brought in this action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see, e.g., Smithart v. Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (excessive force claims are not barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)); *Hooper v. Cnty. of San Diego*, 629 F.3d 1127, 1132 (9th Cir. 2011) (same).[4]

### 3. Conclusion

Petitioner will be given leave to file an amended petition in this action, with or without a motion to stay. He must determine whether he desires to attempt to proceed—which likely will result in a conclusion that his claims are procedurally defaulted; seek a stay of his case while he attempts to exhaust any remaining state court remedies; or

---

[4] In *Hooper,* the court explained:

> [A] defendant might resist a lawful arrest, to which the arresting officers might respond with excessive force to subdue him. The subsequent use of excessive force would not negate the lawfulness of the initial arrest attempt, or negate the unlawfulness of the criminal defendant's attempt to resist it. Though occurring in one continuous chain of events, two isolated factual contexts would exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.

629 F.3d at 1132 (citations omitted).

voluntarily dismiss the Petition to pursue exhaustion in state court. The Court will require a response to this Order within 30 days.

If an amended petition is submitted, it will completely replace the original petition. *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (an amended pleading supersedes the original pleading and "renders it without legal effect"). Therefore, all of Petitioner's claims must be contained in the amended petition.

Nothing in this Order should be construed as legal advice. The options presented here may or may not be available, depending on the record in Petitioner's state criminal case, which this Court has not reviewed. Petitioner may want to consult an Idaho attorney on the options available to him under his particular circumstances, including considerations of the time limits for pursuing civil rights, state law battery and other non-habeas claims in state and federal court, so that he does not miss his statutes of limitations.

## MOTION TO APPOINT COUNSEL

Petitioner requests appointment of counsel so that he can obtain camera footage of the police car and body cameras of the officers at the time of arrest. A habeas petitioner has a right to counsel, as provided by rule, if counsel is necessary for effective discovery or if an evidentiary hearing is required in his case. *See* Rules 6(a) & 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of

justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Presently, Petitioner may not proceed, but he is required to file an amendment containing only proper claims with a proper respondent. If he is later permitted to proceed, the Court will order production of the camera footage of the arrest and provision of equipment for reviewing the footage in prison if that evidence is relevant and a showing is made that it may be considered here, given the limitations on evidentiary presentations on habeas corpus review. At this point, the Court will deny the request for counsel, but it will reconsider it at a later date if warranted.

**ORDER**

**IT IS ORDERED:**

1. Petitioner's Application to Proceed in Forma Pauperis (Dkt. 3) is GRANTED.
2. Petitioner's request for appointment of counsel (contained in the Petition) is DENIED without prejudice.
3. Petitioner shall file an amended petition, with a proper respondent, with or without a motion to stay this case, within **30 days** after entry of this Order. The amended petition shall not contain claims for damages or personal injury-type claims such

as excessive force, police brutality, or battery. Alternatively, he may file a notice of voluntary dismissal.

4. Failure to file anything further will result in reassignment of this case to a District Judge for consideration of dismissal for failure to state a federal habeas corpus claim upon which relief can be granted.

DATED: September 28, 2022

Honorable Debora K. Grasham
United States Magistrate Judge